[No. 427.   Decided March 24, 1892.]

James A. Hood, *Trustee of Gilbert F. Mack, Respondent,* v. California Wine Company and Robert Blei, *Appellants.*

### APPEAL—SUBSTITUTION OF PARTIES—ASSIGNEE OF INSOLVENT CORPORATION.

Where judgment has been obtained against a corporation and appeal taken therefrom, the assignee of such corporation cannot compel the substitution of himself as defendant and appellant.

Such motion for substitution will be denied where it appears that a stipulation of all parties has been duly filed agreeing to a dismissal of the appeal, and no reason is shown by the assignee why the stipulation should not have force.

*Appeal from Superior Court, Chehalis County.*

Motion to substitute the assignee of the California Wine Company as defendant and appellant in the cause after appeal.

*M. J. Cochran,* for appellants.

*Wm. O. McKinlay,* for respondent.

The opinion of the court was delivered by

Hoyt, J.—Plaintiff recovered judgment against the defendants, in the court below, from which judgment said defendants appealed to this court.   Pending such appeal

Charles E. Perkins shows to this court that the corporation defendant has assigned to him all of its property, and upon such showing moves that he, as such assignee, be substituted as and for said corporation as such defendant and appellant. He claims to be entitled to such substitution by reason of the fact that he, as the owner of all the property of said corporation, is the only one interested in the result of the appeal. If such corporation was a plaintiff prosecuting an action by which they sought to recover something, this reason might have force, but as such is not the case, we do not see that such substitution can be allowed as against the objection of the plaintiff in said action. His contract or other obligation upon which he went into court to establish rights was against such corporation, and he has a right to have such corporation retained as defendant, and cannot be deprived of such right by the insolvency of such corporation, or by any assignment or other disposition which it may make of its property. Such corporation could assign its property, including its choses in action, but it could not assign the right of another to maintain an action against it. For aught that appears in this case, the substitution of such assignee might deprive plaintiff of valuable rights without in any way compensating him therefor. There is no showing that there is property in the hands of the assignee sufficient to answer the demands of any judgment which plaintiff may obtain or have affirmed in this action, and even if there was, plaintiff would still have the right to insist upon waging his suit against the defendant with whom his transactions were had. The rights of such corporation and of its assignee under any bankruptcy or insolvency law are not presented by the record in this case.

There is another fact that must defeat this motion. A stipulation has been duly filed in this court between all the

parties to this action, in which it is agreed that the appeal should be dismissed at the costs of the appellants, and no reason is shown by the assignee why this stipulation should not have force, and we can see none. It is true that such stipulation is signed by the parties themselves, but we think their signatures thereto are sufficiently established by the indorsement thereon by the attorney for the appellant, who is now acting as the attorney for said assignee, and said stipulation being thus authenticated as having been regularly signed by the parties would not be disregarded by this court unless regularly moved against by the attorneys on the ground that such stipulation had been entered into in fraud of their rights. The motion for substitution must be denied.

There was a further motion for an extension of time in which to file briefs, but as this motion was made on behalf of the said assignee in view of his substitution for the defendant corporation, such motion must fall with the other.

We express no opinion as to the rights of the assignee of such corporation to control the cause in behalf of and in the name of his assignor.

STILES, SCOTT and DUNBAR, JJ., concur.

ANDERS, C. J., not sitting.